UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME WILKERSON, ) | |
| ) | No. 08 C 1960 |
| Plaintiff, ) | |
| ) | Judge Pallmeyer |
| v. ) | |
| ) | Magistrate Judge Cox |
| P.O. LOPEZ #17882, P.O. MOLINA, ) | |
| #2980, AND P.O. MORGAN #14862, ) | Jury Demand |
| individually, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendants, Chicago Police Officers Roberto Lopez ("Officer Lopez"), Joseph Molina ("Officer Molina"), and Andrew Morgan ("Officer Morgan"), by and through their attorney, Christopher A. Wallace, Assistant Corporation Counsel of the City of Chicago, (collectively referred to hereinafter as "Defendants"), respectfully submit the following Joint Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Jury Demand.

### COUNT I-FALSE ARREST

1) This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, and accomplished by acts and/or omissions of the Defendants committed under color of law.

ANSWER: **Defendants admit that Plaintiff brings this lawsuit pursuant to 42 U.S.C. §§ 1983 and 1988, and, purportedly, the laws of the State of Illinois, but deny depriving Plaintiff of his "Civil Rights".**

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental Jurisdiction of the State of Illinois.

ANSWER: **Defendants admit that jurisdiction is proper.**

1

3) The Plaintiff, Jerome Wilkerson, was a United States permanent resident of the State of Illinois.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph.**

4) The Defendants, P.O. R. Lopez #17882, P.O. Molina #2980 and P.O. Morgan #14862, were at all relevant times duly appointed police officers of the City of Chicago and at all relevant times were acting within their scope of employment and under color of law.

**ANSWER:** **Defendants admit the allegations set forth in this paragraph.**

5) On December 6, 2007, the Plaintiff was taking out some garbage behind his residence at 2019 S. Leavitt, Chicago, Illinois.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the allegation "[o]n December 6, 2007, the Plaintiff was taking out some garbage behind his residence at 2019 S. Leavitt, Chicago, Illinois."**

6) The Plaintiff was not committing any crime or breaking any laws.

**ANSWER:** **Defendants deny the allegations set forth in this paragraph.**

7) The Defendants P.O. R. Lopez #17882, P.O. Molina #2980 and P.O. Morgan #14862, had the Plaintiff arrested and charged.

**ANSWER:** **Defendants admit that they arrested Plaintiff and charged him.**

8) The Plaintiff did not commit any crime.

**ANSWER:** **Defendants deny the allegations set forth in this paragraph.**

9) The Defendants did not have probable cause to arrest the Plaintiff.

**ANSWER:** **Defendants deny the allegations set forth in this paragraph.**

10) The Defendants did not have probable cause to charge the Plaintiff.

**ANSWER:** **Defendants deny the allegation set forth in this paragraph.**

11) Said actions of the Defendants, P.O. R. Lopez #17882, P.O. Molina #2980 and P.O. Morgan #14862, were intentional, willful and wanton.

**ANSWER:** **Defendants deny the allegations set forth in this paragraph.**

12) Said actions of the Defendants, violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER:** Defendants deny the allegations set forth in this paragraph.

13) As a direct and proximate consequence of said conduct of the Defendants, P.O. R. Lopez #17882, P.O. Molina #2980 and P.O. Morgan #14862, the Plaintiff, Jerome Wilkerson, suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering and monetary loss and expense.

**ANSWER:** Defendants deny the allegations set forth in this paragraph.

*WHEREFORE, Defendants request this Court enter judgment in their favor and against Plaintiff, Jerome Wilkerson, and enter any other relief in favor of Defendants and against Plaintiff, Jerome Wilkerson, that this Court deems just and proper.*

## AFFIRMATIVE DEFENSES

1. Defendants are entitled to qualified immunity. They are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted these police officers could have believed their actions to be lawful, in light of clearly established law and the information the officers possessed.

2. Under Section 201 of the Local Government and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the Defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2002).

3. Under Section 202 of the Tort Immunity Act, the Defendants are not liable for injuries claimed in Plaintiff's state law claims, if any, because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and

wanton conduct. 745 ILCS 10/2-202 (2002). Defendants were engaged in the execution and enforcement of the law and their conduct was not willful and wanton.

4. Under Section 204 of the Tort Immunity Act, the Defendants are not liable for injuries claimed under Plaintiff's state law claims, if any, because they are not liable for injuries caused by the acts or omission of other persons. 735 ILCS 10/2-204 (2002).

5. Under Section 208 of the Tort Immunity Act, the Defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2002).

6. Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

7. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants request trial by jury.

DATED: June 25, 2008

Respectfully submitted,

Officer Lopez
Officer Molina
Officer Morgan

By: /s/ *Christopher A. Wallace*
     Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Defendants*

City of Chicago Department of Law
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on June 25, 2008, I caused a copy of the foregoing Joint Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the Court's ECF system.

/s/ *Christopher Wallace*
Christopher Wallace